STATE v. DAVID F. BARNETT.

*Bigamy—Territorial Jurisdiction.*

It is the second marriage while the first wife is living that constitutes the crime of bigamy; and when such second marriage takes place in another state, the courts of this state cannot take jurisdiction of the offence.

INDICTMENT for Bigamy, tried at Spring Term, 1880, of HENDERSON Superior Court, before *Schenck, J.*

This was an indictment against the defendant for the crime of bigamy. The indictment was as follows: The jurors for the state upon their oaths present that David F. Barnett, late of the county of Henderson, on the 2nd day of June, 1879, in the county of Henderson and state of North Carolina, did marry one Margaret E. Dunberry, and her, the said David F. Barnett had for his wife, and that the said David F. Barnett, afterwards and while he was so married to the said Margaret E. Dunberry as aforesaid, to-wit, on the 2nd day of June, 1879, in the county of McNary and state of Tennessee, feloniously and unlawfully did marry and take to wife one Mary Campbell, and to her the said Mary Campbell was then and there married, the said Margaret E., his former wife being then alive, against the form of the statute in such cases made and provided, and against the peace and dignity of the state.

At spring term, 1880, of the said court, the defendant moved to quash the indictment, and based his motion upon the ground that the bill of indictment alleged the second marriage to have taken place in the state of Tennessee. His Honor sustained the motion and the state appealed.

*Attorney-General,* for the State.
No counsel for defendant.

ASHE, J. Bigamy was not an offence at common law, but has been made criminal by statute. Our statute, Battle's Revisal, ch. 32, § 15, declares " if any married person, doth take to him or herself another husband or wife, while his or her former husband or wife is still alive, the person so offending shall suffer as prescribed in section twenty-nine."

By this statute it is made a misdemeanor, and it is the second marriage while the first wife is living that constitutes the crime. When the second marriage takes place in another state, as is alleged in this indictment, the courts of this state cannot take jurisdiction of the offence. It is no violation of the criminal law of this state. " The common law considers crimes as altogether local and cognizable and punishable exclusively in the country where they are committed. No other nation therefore has any right to punish them." Story's Conflict of Laws, 516. In the case of *Folloit* v. *Ogelin*, 1 H. Black., 138, LORD LOUGHBROUGH held, "penal laws of foreign countries are strictly local and affect nothing more than they can reach and can be seized by virtue of their authority." Mr. Justice BULLER, in the same case on a writ of error, said : " It is a general principle that penal laws of one country cannot be taken notice of in another," and in a more recent case LORD BROUGHAM held " the *lex loci* must needs govern all criminal jurisdiction from the nature of the thing and the purpose of the jurisdiction." *Warrender* v. *Warrender*, 9 Bligh, 119, 120. And in this country in the case of the *Antelope*, 10 Wheaton's Rep., 66, 123, Chief Justice MARSHALL, in delivering the opinion of the court, said, " The courts of no state execute the penal laws of another." See Story's Conflict of Laws, § § 620 and 621. We might cite other authorities but it is unnecessary upon so plain a proposition.

There is no error. Let this be certified to the superior court of Henderson county, to the end that the defendant may be discharged.

PER CURIAM. No error.