## STATE v. TAYLOR BURNS.

### *Bigamy.*

Bigamy was a misdemeanor at the time the indictment in this case was found, but it is made a felony by The Code, §988.

(*State* v. *Barnett*, 83 N. C., 615, cited and approved).

INDICTMENT for bigamy tried at Fall Term, 1883, of SWAIN Superior Court, before *Gudger, J.*

The defendant was indicted at spring term, 1882, and on the trial the jury found a special verdict to the effect that the offence was committed four years prior to the commencement of this prosecution, and submitted the question to the court whether the same was barred by the statute of limitations.

His Honor being of the opinion that the offence is a misdemeanor, held that it was barred by the statute and directed a verdict of not guilty to be entered, and the state solicitor appealed. This is the only question presented by the record for the determination of this court.

*Attorney-General*, for the State.
No counsel for defendant.

ASHE, J.   From the researches we have made, we have been unable to find any satisfactory authority for holding that bigamy was an indictable. offence at common law.

In the reign of EDWARD I., it was a matter under ecclesiastical cognizance, and in the reign of EDWARD IV. the cognizance of the plea of bigamy was declared by statute to belong to the court christian.   A doubt as to whether the offence was cognizable in the temporal courts gave rise to the statute of JAMES I., which declared it to be a felony, and that statute was the substantial prototype of our act of 1790, which also declares the offence to be a felony, and that the person so offending should suffer death as in the case of felony.   Of course the defendant was entitled to the benefit of clergy.

But to make the act more penal, the benefit of clergy was taken away from those convicted of the offence, by the act of 1809, and it was declared to be a capital felony.

This statute was followed by the act of 1829, which, though. it declared it to be a felony, restored the benefit of clergy, and prescribed for the offence the punishment of fine and imprisonment, and one or more public whippings, and to be branded on the left cheek with the letter "B."   The act as brought forward. in the Revised Statutes, ch. 34, §14; reads:

If any person now married, or who shall be hereafter married, doth take *to* himself or herself another husband or wife,. while his or her former husband or wife is still alive, *every such offence shall be felony,* and the person so offending shall suffer death, as in cases of felony, provided that he or she shall be entitled to the benefit of clergy, as in cases of felony at common law.   And if any person shall be convicted of this offence and have the benefit of clergy allowed him or her, it shall and may be lawful for the court, before whom the offender shall be convicted, to sentence the offender to be fined and imprisoned, and to receive one or more public whippings, and to be branded on. the left cheek with the letter " B."

But in the enactment of 1854–'55, with regard to the offence of bigamy, the words, "every such offence shall be felony," were omitted, and section 15 of chapter 34 of the Revised Code is in other respects substantially the same as that of the Revised Statutes, except with respect to the proviso in regard to the benefit of clergy, which was abolished by section 22 of chapter 34 of the Revised Code. The punishment is exactly the same. The words, "every such offence shall be felony," must have been omitted with a purpose, and we can conceive of no other purpose than to make the offence of bigamy a misdemeanor. But it can make no difference whether the omission occurred through design or inadvertence, for the felonious quality of the offence is taken away by the said 15th section of the Revised Code, which provides that "if any married person doth take to him or herself another husband or wife while his or her former wife or husband is still alive, the person so offending shall be fined and imprisoned and receive one or more public whippings, and be branded on the cheek with the letter 'B.'" And the subject of this section having been thus *revised* and *re-enacted*, all acts on the same subject were expressly repealed by section 2 of chapter 121 of the Revised Code; consequently, section 14 of chapter 34 of the Revised Statutes, which made bigamy a felony, was repealed, and as it is not made a felony by the Revised Code, or any subsequent act, it must have been a misdemeanor when this indictment was found. It was so declared in *State v. Barnett*, 83 N. C., 615.

It is now again made a felony by THE CODE, §988, but this indictment was found prior to the time when THE CODE went into operation, and the statute under which it was preferred was not repealed, but saved by THE CODE, §3870.

There is no error. Let this opinion be certified.

No error.          Affirmed.